UNITED STATES DISTRICT COURT FOR THE
Eastern District OF NEW YORK

----------------------------------------------------------------------x   Civil Action No.: 23-cv-176

Freedom Mortgage Corporation,

                                    Plaintiff,   **COMPLAINT**

      -against-

Carrie Y. Bolden, New York City Environmental Control Board, New York City Parking Violations Bureau

                                    Defendants.

----------------------------------------------------------------------x

      Plaintiff, by its attorneys, Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, complaining of the defendants herein respectfully allege, upon information and belief, as follows:

## INTRODUCTION

      1.     This action is brought pursuant to New York Real Property Actions and Proceeding Law (RPAPL) Article 13, to foreclose on a Mortgage encumbering 147-12 Sutter Avenue, Jamaica, NY 11436, together with the land, buildings, and other improvements located on the Property ("Property"). The legal description is attached as **Exhibit A**.

## PARTIES

      2.     Freedom Mortgage Corporation, is incorporated under the laws of the State of New Jersey with its principal place of business at 907 Pleasant Valley Avenue, Suite 3, Mount Laurel, NJ 08054. Plaintiff is the owner and holder of the subject Note and Mortgage or has been delegated the authority to institute this Mortgage foreclosure action by the owner and holder of the subject Note and Mortgage.

      3.     Upon information and belief all the defendants herein have or claim to have some interest in or lien upon said mortgaged premises or some part thereof which interest or lien, if any, has accrued subsequent to the lien of plaintiff's mortgage, or has been paid or equitably subordinated to plaintiff's mortgage, or been duly subordinated thereto. The reason for naming said defendants is set forth in **Exhibit B** that is attached to this complaint

## STATEMENT OF JURISDICTION

      4.     Federal subject matter jurisdiction exists pursuant to 28 USC §1332 because complete diversity exists among the Plaintiff and the Defendants and the amount in controversy, without interest and costs, exceeds the $75,000.00.

## VENUE

5.    Venue is proper pursuant to 28 USC §1391 because the Property is located in this District and a substantial part of events and omissions giving rise to this action occurred in this District.

## AS AND FOR FIRST CAUSE OF ACTION

6.    On or about March 21, 2012, the defendants, Carrie Y. Bolden executed and delivered to First American Trust, a Massachusetts Business Trust, a note whereby she promised to pay $205,535.00, plus interest on the unpaid amount due. A copy of the note is attached as **Exhibit C**.

7.    On or about March 21, 2012, Carrie Y. Bolden executed and delivered to Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for First American Trust, a Massachusetts Business Trust, its successors and assigns a mortgage (hereinafter "mortgage") in the principal sum of $205,535.00 which was duly recorded in the Office of the Clerk of the County of Queens on April 10, 2012 in CRFN 2012000138323 and the recording tax was duly paid. A copy of the Mortgage is attached as **Exhibit D**.

8.    Thereafter, an assignment from Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for First American Trust, a Massachusetts Business Trust, its successors and assigns to Freedom Mortgage Corporation was recorded on December 19, 2018 in CRFN 2018000416986. A copy of the Assignment of Mortgage is attached as **Exhibit E**.

9.    On July 31, 2019, the loan was modified pursuant to a Loan Modification Agreement which was recorded on October 23, 2019 and created a single lien in the amount of $201,080.70. A copy of the said Loan Modification Agreement is attached hereto as **Exhibit F**.

10.    Carrie Y. Bolden failed to make payment in accordance with the terms of the Note and Mortgage by not making the payment that was due on July 01, 2022 and subsequent payments.

11.    There is now due and owing on the Note and Mortgage in the following amounts:

> Principal balance $191,400.84
> Interest Rate 4.2500%
> Date Interest Accrues from: June 01, 2022

together with late charges, monies advanced for taxes, assessments, insurance, maintenance and preservation of the Property, and the cost, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure. The interest rate stated above may change in accordance with an adjustable rate feature of the note.

12. In order to protect the value of the Property and its rights in the Property, the Plaintiff may have to pay taxes, assessments, water charges, insurance premiums, and other charges. Plaintiff requests that any amount it pays, together with interest, be included in the total amount due.

13. Plaintiff has complied with the notice provisions of the Mortgage and RPAPL Section 1304 and filed the information required by RPAPL Section 1306. The Mortgage was originated in compliance with al provisions of Section 595-a of the New York Bank Law and any rules or regulations promulgated thereunder, and, if applicable, Sections 6-1 or 6-m of the Banking Law.

14. No action was brought to recover any part of the Mortgage debt or if any such action is pending final judgment for Plaintiff was not rendered and it is the intent of the Plaintiff to discontinue it.

## AS AND FOR SECOND CAUSE OF ACTION

15. The plaintiff repeats and realleges each and every allegation contained in paragraphs designated 1 through 14.

16. The mortgage provides that in the event of default, the plaintiff may recover all costs, including reasonable attorneys' fees, disbursements, and allowances provided by law in bringing any action to protect its interest in the premises, including foreclosure of the mortgage.

**WHEREFORE, PLAINTIFF DEMANDS**:

a. Judgement accelerating the maturity of the debt and determining the amount due Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest;
b. A referee be appointed to sell the Property at auction to the highest bidder, in accordance with RPAPL Article 13.
c. The interest of the defendant(s) and all persons claiming by or through them be foreclosed and their title, right, claim, lien, interest or equity of redemption to the Property be forever extinguished;
d. The Plaintiff be paid our of the sale proceeds the amounts due for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest and that the sale proceeds be distributed in accordance with RPAPL Article 13.
e. The property be sold in as is condition, subject to the facts an inspection or accurate survey of the Property would disclose, covenants, restrictions, easements and public utility agreements of record, building and zoning ordinances and violations, and the equity of redemption of the United States of America;

f. Plaintiff may purchase the Property at the sale;
g. A receiver be appointed for the Property, if requested by Plaintiff
h. A deficiency judgment against Carrie Y. Bolden, to the extent allowed by law, for the amount that remains due after distribution of the sale proceeds, unless the debt was discharged in a bankruptcy or is otherwise uncollectible, be granted if requested by Plaintiff;
i. If the Plaintiff possesses other liens against the Property, they are not merged with the Mortgage being foreclosed herein and that Plaintiff, as a subordinate lien holder, be allowed to share in any surplus proceeds resulting from the sale;
j. That the Court award Plaintiff additional relief that is just, equitable and proper.

Dated: Bay Shore, New York
        January 6, 2023

Frenkel, Lambert, Weiss, Weisman & Gordon, LLP

By: _____
Deana Cheli
Attorneys for Plaintiff
53 Gibson Street
Bay Shore, New York 11706
(631) 969-3100
Our File No.: 01-090340-F01

# HELP FOR HOMEOWNERS IN FORECLOSURE

New York State Law requires that we send you this notice about the foreclosure process. Please read it carefully.

## SUMMONS AND COMPLAINT

You are in danger of losing your home. If you fail to respond to the summons and complaint in this foreclosure action, you may lose your home. Please read the summons and complaint carefully. You should immediately contact an attorney or your local legal aid office to obtain advice on how to protect yourself.

## SOURCES OF INFORMATION AND ASSISTANCE

The State encourages you to become informed about your options in foreclosure. In addition to seeking assistance from an attorney or legal aid office, there are government agencies and non-profit organizations that you may contact for information about possible options, including trying to work with your lender during this process.

To locate an entity near you, you may call the toll-free helpline maintained by the New York State Department of Financial Services at 1-877-226-5697 or visit the Department's website at http://www.dfs.ny.gov.

## RIGHTS AND OBLIGATIONS

**YOU ARE NOT REQUIRED TO LEAVE YOUR HOME AT THIS TIME.** You have the right to stay in your home during the foreclosure process. You are not required to leave your home unless and until your property is sold at auction pursuant to a judgment of foreclosure and sale.

Regardless of whether you choose to remain in your home, **YOU ARE REQUIRED TO TAKE CARE OF YOUR PROPERTY** and pay property taxes in accordance with state and local law.

## FORECLOSURE RESCUE SCAMS

Be careful of people who approach you with offers to "save" your home. There are individuals who watch for notices of foreclosure actions in order to unfairly profit from a homeowner's distress. You should be extremely careful about any such promises and any suggestions that you pay them a fee or sign over your deed. State law requires anyone offering such services for profit to enter into a contract which fully describes the services they will perform and fees they will charge, and which prohibits them from taking any money from you until they have completed all such promised services.

## CERTIFICATION BY ATTORNEY

      Deana Cheli, an attorney duly admitted to practice law before the Courts of the State of New York  and duly admitted in the Eastern District, an attorney with the firm of Frenkel, Lambert, Weiss, Weisman, & Gordon, LLP, attorneys for the Plaintiff herein, pursuant to Uniform Rule Section 130-1.1-a, states as follows:

      I hereby certify, under the penalty of perjury and as an officer of the Court, that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the within paper or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1, including that the substance of the factual statements therein are not false.

Dated: Bay Shore, New York
       January 6, 2023

                                      Frenkel, Lambert, Weiss, Weisman, & Gordon, LLP

                                      Deana Cheli
                                      Attorneys for Plaintiff
                                      53 Gibson Street
                                      Bay Shore, New York 11706
                                      (631) 969-3100
                                      Our File No.:  01-090340-F01